IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| SETH MICHAEL FERRANTI, ) <br> ) <br>    Petitioner, ) <br> v. ) <br> ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br>    Respondent. ) <br> ) | Criminal No. 1:91CR337-A |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on the Motion of Seth Michael Ferranti ("Petitioner") to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255.

On August 28, 1991, the Petitioner pleaded guilty to Engaging in a Continuing Criminal Enterprise ("CCE") in violation of 21 U.S.C. § 848, and was ordered to appear for sentencing on December 13, 1991. The Petitioner was then personally served with a criminal subpoena to appear on November 12, 1991 as a government witness. On November 9, 1991, three days prior to his court appearance, the Petitioner staged his suicide and failed to appear for both the November 12, 1991 trial and the December 13, 1991 sentencing. Shortly thereafter, the Petitioner fled the area. On October 1, 1991, the Petitioner

1

was apprehended and arrested by the United States Marshals, and appeared for sentencing on the CCE charge on December 17, 1993. Petitioner was sentenced to 292 months of imprisonment.

On March 31, 1994 the Petitioner pleaded guilty to a two-count criminal information: (1) Failure to Appear at Sentencing, 18 U.S.C. § 3146(a)(1), (b)(1)(A)(i) and (b)(2); and (2) Mail Fraud, 18 U.S.C. §§ 1342, 2. On June 3, 1994, Petitioner was sentenced to 12 months of imprisonment on the aforementioned charges.

On April 21, 1997, the Petitioner filed motions in both cases to vacate or set aside his sentence, pursuant to 28 U.S.C. § 2255. The motions were denied on August 22, 1997 and April 22, 1998.

A prisoner in custody under sentence of a federal court may file a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct the sentence. Relief can be claimed on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.

While a federal inmate may file one § 2255 motion after his judgment of conviction has become final, he must obtain authorization before presenting a successive motion. 28 U.S.C. §

2

2255(h). A successive motion must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals to contain either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence of the whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). There is no evidence in the record to suggest that the Petitioner has acquired the requisite certification from the Fourth Circuit to file a successive motion. Furthermore, even if the Petitioner attempted to acquire the requisite certification, it would be denied because of the Petitioner's reliance on the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004) (any fact other than a prior conviction, that raises the penalty beyond the prescribed statutory maximum, must be submitted to a jury and proved beyond a reasonable doubt, as applied to state sentencing guidelines) and United States v. Booker, 543 U.S. 220 (2005) (applying the holding of Blakely to the federal sentencing guidelines). In United States v. Morris, 429 F.3d 65 (4th Cir. 2005), this circuit held that Booker

does not apply retroactively to cases on collateral review.

To determine when new rules of criminal procedure apply retroactively on collateral review, the court must first decide whether the Supreme Court's ruling indeed constitutes a new rule of constitutional criminal procedure. Id. at 69. If the rule is new, it does not apply retroactively unless the rule is of "watershed" magnitude. Id. at 69-70. A new rule must meet two requirements to qualify as a "watershed" rule: (1) infringement of the rule must seriously diminish the likelihood of obtaining a conviction; and (2) it must alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding. Id. at 71. The Supreme Court has explained that this class of rules is "extremely narrow." Schriro v. Summerlin, 542 U.S. 348, 352 (2004).

The Petitioner's argument rests on the recent United States Supreme Court decision Alleyne v. United States, 133 S. Ct. 2151 (2013), which is merely an extension of the principle in Apprendi v. New Jersey, 530 U.S. 466 (2000) (any fact, other than a prior conviction, that is used to enhance a sentence beyond the statutory maximum must be admitted by a defendant or found beyond

4

reasonable doubt by a jury). In Alleyne, the Supreme Court extended the rule in Apprendi to the context of mandatory minimum sentences. See Alleyne, 133 S. Ct. 2151 (2013).

The principle adopted by the Court in Alleyne is a "new constitutional rule of criminal procedure," which, under Teague v. Lane, 489 U.S 288 (1989), is not applicable to cases on collateral review. Furthermore, Alleyne is not a "watershed" decision by the Supreme Court's definition. Therefore, Alleyne is not retroactive on collateral review.

This circuit has held that Apprendi is not retroactively applicable on collateral review. United States v. Sanders, 247 F.3d 139 (4th Cir. 2001). The Supreme Court has held that rules based on Apprendi do not apply retroactively on collateral review. See Schriro v. Summerlin, 542 U.S. 348 (2004) (holding that Ring v. Arizona, 536 U.S. 584 (2002), which extended Apprendi to the Arizona sentencing scheme, did "not apply retroactively to cases already final on direct review").

Other courts that have considered the issue here have also concluded that Alleyne is not retroactively applicable on collateral review. See Sanders, 247 F.3d at 150-51 (finding that the new rule of constitutional

5

criminal procedure established in <u>Apprendi</u> is not so fundamental as to make it likely to be applied retroactively); <u>In re Tatum</u>, 233 F.3d 857, 859 (5th Cir. 2000) (holding that a defendant cannot file a successive § 2255 motion based on <u>Apprendi</u> because the Supreme Court has not made <u>Apprendi</u> retroactively applicable to cases on collateral review); <u>In Re Payne</u>, 2013 WL 5200425 (10th Cir. Sept. 17, 2013) (the Supreme Court has not made <u>Alleyne</u> retroactive and is not likely to do so). This implies that the Supreme Court will not declare <u>Alleyne</u> to be retroactive.

Only the Supreme Court can determine retroactive effect of new constitutional rules. <u>See, e.g.</u>, <u>Dodd v. United States</u>, 545 U.S. 353, 357 (2005). A new rule of constitutional law applies retroactively to cases on collateral review by the Supreme Court within the meaning of § 2255 "only when the Supreme Court declares the collateral availability of the rule in question, either by explicitly so stating or by applying the rule in a collateral proceeding." <u>In re Vial</u>, 115 F.3d 1192, 1197 (4th Cir. 1997). The Supreme Court has done neither with respect to the rule announced in <u>Alleyne</u>. In fact, the Supreme Court has stated that it is unlikely that many such rules remain undiscovered. See <u>Graham v. Collins</u>,

6

506 U.S. 461, 478 (1993). Therefore, although Alleyne contains a new rule of constitutional law, the Petitioner is not entitled to file a successive § 2255 motion. However, the Petitioner still maintains that Alleyne's holding is a new rule with retroactive effect.

Even if Alleyne were to apply retroactively, it is inapplicable to the Petitioner's case. The Petitioner claims that his sentence was enhanced for obstruction of justice as recommended by the probation officer and argues that the sentencing guidelines adjustments are tantamount to statutory elements which must be alleged in a criminal indictment or information.

The obstruction of justice enhancement was a result of the Petitioner's incontrovertible failure to appear at trial on November 12, 1991, after personal service of a subpoena. Months later, the Petitioner voluntarily entered a plea to Failure to Appear at Sentencing and Mail Fraud. The Petitioner failed to appear two separate times and therefore was not charged twice for the same offense, as the Petitioner contends. The statement of facts at the latter hearing includes conduct far beyond failing to appear as a trial witness, including faking his own death, failing to appear at his sentencing hearing, and engaging in extensive mail fraud. Alleyne is

7

concerned with prohibiting the use of sentence-enhancing facts found by a judge, not admitted to by a defendant, and only found by a preponderance of the evidence. See, e.g., Alleyne, 133 S. Ct. 2151, 2163-64 (2013). This failure to appear for trial as a witness falls squarely within the definition of the conduct applicable to this guidelines adjustment. U.S. Sentencing Guidelines Manual § 3C1.1 cmt. 3 (1993).

Furthermore, Alleyne affirms the use of judicial discretion in "imposing a judgment within the range prescribed by the statute." See Alleyne, 133 S. Ct. at 2163 (citing Apprendi v. New Jersey, 530 U.S. 466, 481 (2000)). Here, the sentence of 292 months was within the applicable guideline range of 240 months to life, and thus within the Court's discretion to impose. Therefore, the Petitioner's reliance on Alleyne as his basis for relief is unavailing.

Moreover, the Petitioner's petition is time-barred. There is a one year limitation to petitions under 28 U.S.C. § 2255, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the

8

>date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Petitioner cannot rely on option three because we have established that Alleyne has not been recognized by the Supreme Court to have retroactive application to cases on collateral review. The Petitioner's habeas clock on his petition is governed by option one. The petition was filed well more than one year after his judgment of conviction became final. Therefore, his claims are time-barred. See Ward v. United States, 2013 WL 4079267 (W.D.N.C. Aug. 13, 2013) (since Alleyne does not apply retroactively, petitioner had one year from the date the Supreme Court denied certiorari to file his habeas petition. Since more than one year elapsed, petitioner's petition was time-barred).

Alleyne does not apply retroactively, and even if it were to apply, the outcome of the present case would be the same as it is not factually or legally applicable here. Nevertheless, the petition is time-barred.

For the foregoing reasons, the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence should be denied.

An appropriate Order shall issue.

　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　Claude M. Hilton
　　　　　　　　　　　　　　　　United States District Judge

Alexandria, Virginia
June 30, 2014

10